108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis FERRET-CASTELLANOS, Defendant-Appellant.
 No. 96-50062.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1996.*
Decided Dec. 17, 1996.
 
 Before: PREGERSON, D.W. NELSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Ferret-Castellanos appeals from a final sentence imposed following his jury conviction for possession of cocaine with intent to distribute (21 U.S.C. § 841(a)(1)) and this court's remand in a prior appeal. Ferret-Castellanos contends that the district court erred in barring him at resentencing after remand from qualifying for the "safety valve" provision of the Mandatory Minimum Sentencing Reform Act of 1994 ("MMSRA"), 18 U.S.C. § 3553(f), included in the United States Sentencing Guidelines § 5C1.2, because he failed to disclose all information and evidence concerning his offense at his initial sentencing hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Ferret-Castellanos was found guilty of possession of cocaine with intent to distribute approximately 40 kilograms located in a hidden floor compartment of his vehicle. He told the border patrol at the immigration checkpoint, and later testified at trial, that he was a mechanic and was driving the vehicle across the border for a customer. He claimed to have no knowledge of the cocaine in the vehicle. The district court sentenced him to 151 months. We affirmed Ferret-Castellanos' conviction in a separate unpublished disposition, but vacated his sentence and remanded for resentencing "to permit the district court to consider a minor participant role adjustment in resentencing." After considering the evidence and arguments presented during jury trial and three sentencing hearings, the district court resentenced Ferret-Castellanos to 151 months in custody, 5 years of supervised release and a $50 fine.
 
 
 4
 Ferret-Castellanos argues that he should have received a two-level downward adjustment for his "minor role" in the offense. He told the court at resentencing that he was "fully prepared to candidly discuss the offense," in an attempt to persuade the district court to reduce his sentence under the "safety valve" provision. Ferret-Castellanos told the court that "for reasons of family loyalty and/or for legal reasons" he did not tell the Government prior to trial that his uncle had given him the car to drive. The district court however refused to accept Ferret-Castellanos' request to offer this new information at his resentencing hearings. Ferret-Castellanos appeals the district court's decision as contrary to the guideline.
 
 III
 
 5
 Section 5C1.2 of the Sentencing Guidelines allows first-time nonviolent drug offenders who played a minor role in the offense and who made a good-faith effort to cooperate with the government to avoid mandatory minimum sentences. United States v. Ajugwo, 82 F.3d 925, 926 (9th Cir.1996). The sentencing court must impose a sentence pursuant to the guidelines without regard to the mandatory minimum if it finds that the defendant meets each of the five elements listed in § 5C1.2. Id. The parties agree that Ferret-Castellanos qualifies under the first four elements of the guideline.
 
 
 6
 The only issue to be decided in this appeal is whether the district court abused its discretion in determining that Ferret-Castellanos did not qualify for relief under the fifth element of the "safety valve" provision of MMSRA, 18 U.S.C. § 3553(f). United States v. Sherpa, 97 F.3d 1239, 1242 (9th Cir.1996). The fifth element of the guideline states:
 
 
 7
 (5) [N]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.
 
 
 8
 Ferret-Castellanos allegedly offered and was prepared to provide the Government and court with all information and evidence concerning his offense as required by the fifth element of the "safety valve" provision on December 11, 1995 and January 22, 1996. These two dates however were "resentencing" and not "sentencing" hearings. The initial sentencing hearing took place on April 4, 1995. As a result, Ferret-Castellanos' offer to "truthfully provide all information" at these two resentencing hearings is too late under the language of subsection (5) of the guideline.
 
 
 9
 Although the final sentence of 151 months may seem too harsh for this first-time drug offender, the fifth element of the "safety valve" provision requires that defendants truthfully provide to the Government all information and evidence the defendant has concerning the offense. Ferret-Castellanos lied to the court at his initial sentencing hearing and did not provide any information or evidence. We therefore conclude that the district court did not abuse its discretion in resentencing Ferret-Castellanos to 151 months.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3